## THE SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW-YORK.

IN OCTOBER TERM, 1822, IN THE FORTY-SEVENTH YEAR OF
OUR INDEPENDENCE.

MEMORANDUM.—During the last Vacation, (*September 19th,*)
Mr. Justice YATES resigned his office of a Judge of this
Court.

## OOTHOUT *against* THOMPSON.

THIS was an action on the case, brought to recover damages, for a *deceit* in the sale of a negro wench. The defendant pleaded, 1. Not guilty : 2. Not guilty within six years next before exhibiting the plaintiff's bill. The plaintiff's writ was tested the 23d of *October*, 1820. The cause was tried at the *Otsego* Circuit, in *September*, 1821, before Mr. Justice *Woodworth*. It appeared from the evidence at the trial, that the defendant, at the time of sale, which was the 4th of *October*, 1814, recommended the wench as good and sound, and did not mention that she had any defect or disease ; and that the plaintiff paid to him the price of 140 dollars. It was proved that the wench was, at the time, subject to lethargic fits, and was of no value.

To an action on the case for a *deceit,* the defendant pleaded not guilty within six years, on which issue was joined. *Held,* that proof of an acknowledgment of the fraud, within six years, did not support the issue, or take the case out of the operation of the statute of limitations.

A witness testified, that in 1815, he heard a conversation between the plaintiff and defendant, in which the plaintiff charged the defendant with cheating him in the sale of the wench, and the defendant did not deny it ; but said that he was willing to do what was right.

The Judge directed the jury to pass upon the question of fraud only, reserving the question as to the statute of limita-

OOTHOUT
· v.
THOMPSON.

tions for the consideration of the Court.   The jury found a verdict for the plaintiff, for 162 dollars and 72 cents.

*Seely*, for the plaintiff.

*L. Beardsley*, for the defendant.

SPENCER, Ch. J., delivered the opinion of the Court.

This is an action for fraud in the sale of a negro wench, in fraudulently representing her health and capacity for work.   The pleas were not guilty, and not guilty within six years.   The jury found a verdict for the plaintiff, on the question of fraud.   The Judge reserved the question on the operation of the statute of limitations, for the consideration of the Court.   Neither the Judge, at the time, nor the parties, could then have considered the facts on that point as doubtful, and as necessary to be passed on by the jury.

*James O. Morse*, a witness, testified, that he drew the note given by the plaintiff to the defendant, on the sale of the wench.   It is dated on the 4th day of *October*, 1814, which he believed to be the true date ;  and he thought the sale took place on the day the note was executed.   He also drew a bill of sale between the parties ;  and this being in the plaintiff's possession, and not produced, to rectify any supposed mistake in the date of the note, we must conclude, that the sale was on the day the note bears date.   The writ, in this case, was tested the 23d day of *October*, 1820 ;  so that there were more than six years between the sale and the commencement of the suit.

In 1815, it appears that the plaintiff charged the defendant with cheating him in the sale of the wench ;  the defendant did not deny it, *but said he was willing to do what was right*.   The plaintiff's counsel contend, that, from the evidence, it also appears, that the plaintiff did not discover the fraud, until within six years prior to the bringing the suit.   As to this last point, it is disposed of, at once, by the case of *Troup* v. *The Executors of Smith*, decided in *May* term.*

* *Vide ante*, p. 33.

The question then is, whether, if we consider the defendant as admitting the fraud, within six years, and de-

UTICA,
October, 1822.

OOTHOUT
v.
THOMPSON.

claring he was willing to do what was right, such admission and declaration can take the case out of the operation of the statute.

The plea was, that the defendant was not guilty within six years ; the replication is, that he was guilty within six years, next before the commencement of the suit. Now, it is inconceivable, how an admission of the fraud within six years, can render the party guilty of committing it anew. It was consummated when the sale took place, and any subsequent confession relates back to that period. The confession of the fact, does not prove a new fraud, but the first and original one. The plaintiff, in his replication, has undertaken to prove, that the defendant was guilty within the six years : Proving that he had acknowledged the fact within six years, is no proof that the act was done within six years ; and it does not support the issue. A case of this kind does not stand upon the same principle, as the acknowledgment of a debt within six years. There, the acknowledgment is evidence of a new promise ; here, it is not evidence of a new trespass, and, therefore, there is no analogy between the two cases. This view of the case satisfies me, that, without inverting all the rules of logic, (and special pleading has been aptly compared to logic,) it is impossible to say, that a confession of a *tort*, is a reperpetration of it ; and unless it is, the fact asserted in the replication, that the tort was committed within six years, is not made out, by a confession that the tort was committed more than six years before. But the absence of all authority, either from adjudged cases, or precedents of pleading, that an acknowledgment of a *tort*, within six years, will take the case out of the operation of the statute, would seem to be decisive, that no such principle exists, or has ever been recognised. The contrary doctrine, however, has been decided. In *Hurst* v. *Parker*, (1 *Barnw. & Alder. Rep.* 92.) decided in the Court of K. B. in 1817, in trespass for breaking and entering coal mines, and taking away coals, there was a plea of the statute of limitations, and replication thereto, in the affirmative. At the trial, no evidence was given to show that the trespass was actually committed within six years ; it was held, that evidence of a promise to make compensation, by the defen-

UTICA,    dant, before the commencement of the action, and when he
October, 1822.  was threatened with an action for taking away coal, was not
BREESE    sufficient to support this issue, by which the plaintiff was
v.        bound to prove the affirmative, that he had a good cause of ac-
WILLIAMS.  tion within six years before the commencement of the suit.
It will be observed, that in the case cited, the promise to make, compensation, was an admission of the fact charged. I do not cite this case as authority, but merely to show in what light the point before us has been regarded by learned and eminent Judges.

Judgment for the defendant.