## STIRES FRITTS, RESPONDENT, *v.* CALVIN SLADE, APPELLANT.

*Arrest — fraud — statute of limitations — avoided by payments.*

This action was brought upon a promissory note given in 1869, but upon which payments had been made within six years. After the time to answer had expired, plaintiff procured an order of arrest, on an affidavit that the note was given for the balance of a credit for goods sold to the defendant in 1868, upon fraudulent representations then made by him. *Held* (1), that as this action was upon the note, an order of arrest could not be procured on the ground that the debt for which it was given was fraudulently incurred; (2), that the claim arising from the fraud was barred by the statute of limitations, and that the payment kept alive the note alone, and not the fraud.

APPEAL from an order denying a motion to vacate an order of arrest.

*F. B. Van Vleck*, for the appellant.

*P. D. Gibbs*, for the respondent.

BARNARD, P. J. :

In August, 1868, the defendant is charged by plaintiff with having made a false representation to him as to his property, with an intent to obtain merchandise of plaintiff on credit. That soon thereafter, goods were delivered from time to time and large payments made thereon as the time of the credits expired, until the 26th of May, 1869, when the account was closed, and on a settlement thereof, the defendant gave to the plaintiff his promissory

note for $274.16, payable one month after date. The note was not paid, but payment has been made thereon within six years. The plaintiff, in January, 1876, brought an action upon this note. The defendant made no answer, and after the time for answering expired obtained an order of arrest upon an affidavit charging fraud in the month of August, 1868, by means of which the business dealing commenced between the parties.

I think this remedy does not exist in this case. The action is upon the note. No fraud is claimed as to that. An arrest is not authorized for a fraud, whereby a prior and different obligation was incurred to pay the same money. (*Mallory* v. *Leach*, 23 How., 507; *Merchants' Bank* v. *Dwight*, 13 id., 366; *Alliance Ins. Co.* v. *Cleveland*, 14 id., 408.) The statute of limitations furnishes another and a complete defense to this order. The fraud, if any, was perpetrated over six years before this action was commenced. The note itself would be barred, but for the payment upon it; payment upon the note does not revive and keep alive a fraud. (*Oothout* v. *Thompson*, 20 Johns., 277.)

The order should be reversed and the order of arrest vacated, with costs of the motion at Special Term and upon appeal, besides disbursements, to be deducted from the plaintiff's claim.

PRATT and DYKMAN, JJ., concurred.

Order reversed, with costs and disbursements.