LOUIS A. NELSON

*v.*

CHARLES A. PETTERSON.

*Opinion filed October 23, 1907.*

1. LIMITATIONS—*action ex delicto is not revived by subsequent acknowledgment in writing.* An action *ex delicto,* based solely upon a tort, which is barred by the Statute of Limitations, cannot be revived by the defendant's subsequent written admission of liability and promise to settle.

2. BANKRUPTCY—*when discharge in bankruptcy is a good defense.* One who has been defrauded of his money by fraudulent representation that land purchased by him was unencumbered, who chooses to waive the tort and bring assumpsit upon the promise to pay which the law implies from the liability created by the tort, and who relies upon an alleged written acknowledgment of liability made by the defendant after the action *ex delicto* for the tort was barred by the statute, cannot maintain his action as against a plea of subsequent discharge in bankruptcy.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

Appellant (hereafter referred to as plaintiff) sued appellee (hereafter referred to as defendant) in the superior court of Cook county for $1750, which plaintiff claimed defendant had cheated and defrauded him out of in the sale of a tract of land by defendant to plaintiff.

The declaration is in assumpsit and contains three counts. The first count charges that the plaintiff purchased of defendant a certain described tract of land in Chicago, Illinois, for $1750; that to induce the plaintiff to purchase said lands, and for the purpose of deceiving, defrauding and injuring plaintiff, defendant falsely and deceitfully represented to the plaintiff that he (defendant) and his wife were the owners of said land in fee simple and that there was no encumbrance nor mortgage thereon; that the plaintiff believed said representations to be true, and relying upon them bought said land for said sum of $1750 and paid the purchase price to the defendant November 15, 1892, and before he discovered the falsity of the promises and representations made by the defendant. The count further avers that on November 2, 1892, defendant and his wife encumbered said land, together with other lands, by executing a trust deed thereon to Isaac Drake to secure the payment to Lucy B. Sims of $13,000 and interest, and that said trust deed, and the indebtedness secured thereby, were in full force and effect and an encumbrance upon the land at the time of the purchase by plaintiff. It is further averred that said encumbrance was not removed from said land by defendant, and that on February 2, 1898, a bill was filed by the trustee and the owner of the indebtedness secured by the trust deed to foreclose said trust deed, and such proceedings were had thereunder that a decree was entered for a sale of said land for the payment of said indebtedness, and the lands were afterwards sold under said decree to persons other than the plaintiff; that the time for redemption from said sale had expired and no redemption from said lands had been made, and that by virtue of said foreclosure proceedings and sale the lands had been taken from plaintiff and wholly lost to him. The count further avers that within five years next before the commencement of this suit and the filing of the amended declaration, the defendant admitted, in writing, to the plaintiff the existence of the cause of action set forth in

229—16

the declaration and his indebtedness to plaintiff based thereon, and promised plaintiff, in writing, to pay the same. The second count is not materially different from the first, except that it alleges the trust deed was in existence at the time plaintiff purchased the land but had not yet been recorded and that defendant failed to advise plaintiff of its existence, and that defendant knew plaintiff would conclude, from his failure to inform him of the encumbrance, that no encumbrance existed; that plaintiff did so conclude, and, relying upon defendant's silence, paid the $1750. The third count charges that defendant represented the land to be free and clear of encumbrances; that plaintiff, believing in and relying upon said representations as true, entered into a contract with defendant for the purchase of the land, and that before plaintiff discovered the falsity of said promises and representations made by the defendant, and while relying on and believing them to be true, carried out and performed his contract for the purchase of said land for $1750; that at the time of the making and performing said contract by the plaintiff the land was not free and clear of encumbrances but was encumbered to the extent of $13,000. The declaration concludes in assumpsit, laying plaintiff's damages at $4000.

The *præcipe* was filed and summons issued January 7, 1904. From them it would appear that the suit was originally brought in assumpsit. On November 17 leave was obtained to change the form of action from trespass to assumpsit, and on that day the declaration above quoted in substance was filed. It is denominated in the record the amended declaration, and is the only declaration copied in the record.

Defendant pleaded the general issue and two special pleas, viz.: (1) The five years' Statute of Limitations; (2) a discharge in bankruptcy on the 12th day of September, 1904, by the District Court of the United States for the Northern District of Illinois. This plea avers that the cause

of action in the declaration mentioned "is in respect of a debt and claim by the said act of Congress made provable against the estate of the defendant which existed on the said 12th day of May, 1904, and that the said supposed causes of action are not, nor is any one of them, in respect of any such debt or debts as are or is by the said act excepted from the operation of a discharge in bankruptcy," etc. Plaintiff demurred to the two special pleas, which demurrer was overruled. Plaintiff elected to stand by his demurrer to the plea of discharge in bankruptcy, and to the plea of the Statute of Limitations replied that within five years before the commencement of the suit, and within five years before the filing of the amended declaration, and before defendant's alleged discharge in bankruptcy, defendant admitted, in writing, to plaintiff the causes of action declared on, his indebtedness to plaintiff, and promised plaintiff, in writing, to pay the same. A demurrer by defendant to this replication was sustained, and plaintiff electing to stand by his replication, judgment was entered for defendant for his costs. On appeal to the Appellate Court by plaintiff this judgment was affirmed, and he has prosecuted a further appeal to this court.

HELMER, MOULTON & WHITMAN, for appellant:

An action of assumpsit will lie for falsely representing and selling land as unencumbered when the false representation was made to induce action by the plaintiff, who did rely and act thereon to his injury. *Hahl* v. *Brooks,* 114 Ill. App. 644; *Kehl* v. *Abram,* 210 Ill. 218; *In re Bullis,* 7 Am. B. 238; *Pennoyer* v. *People,* 105 Ill. App. 481; *Barney* v. *Chapman,* 21 Fed. Rep. 903; 1 Chitty's Pl. *135.

The discharge in bankruptcy is no bar to the action. A discharge in bankruptcy shall release the bankrupt from all of his provable debts except such as are liabilities for obtaining property by false pretenses or false representations, or for willful or malicious injuries to the person or property of another. Bankruptcy act, sec. 17, as amended in 1903.

In the declaration it is averred that appellee obtained $1750 by false representations and fraud, involving moral turpitude and intentional wrong. From the fraud thus stated in the declaration a duty is implied and a liability imposed by law,—an *indebitatus assumpsit,* a liability *ex contractu.* This liability, under the authorities cited above, may be enforced by an action *ex contractu* without waiving thereby any of appellant's substantial rights resulting from the fact that the liability arose from the fraud. While the action is *ex contractu,* the *gravamen* and gist of the action is the fraud and malice stated in the declaration, without the averment and proof of which recovery cannot be had. *Pennoyer* v. *People,* 105 Ill. App. 481; *Barney* v. *Chapman,* 21 Fed. Rep. 903; *In re Bullis,* 7 Am. B. 238.

The indebtedness having assumed the form of a liability *ex contractu* is subject to the same rules of law, as regards the Statute of Limitations, which would govern any other liability *ex contractu,* and the acknowledgment and the new promise in writing waived the Statute of Limitations.

Even conceding that the action, though in assumpsit, was in reality to recover for a tort, and that the law as to torts should govern, yet the acknowledgment and new promise in writing waived the Statute of Limitations, removed the bar and restored the remedy for the tort committed. 13 Ency. of Pl. & Pr. 181, notes, and 247-249, notes; *Kimmel* v. *Schwartz,* Breese, 278; *Keeler* v. *Crull,* 19 Ill. 189; 19 Am. & Eng. Ency. of Law, (2d ed.) 283, 286, and notes; *Phillips* v. *Peters,* 21 Barb. 351.

JOHNSON & MOLTHROP, and HENRY C. BEITLER, for appellee:

An action, in form *ex contractu,* for fraud and deceit will lie, but the *gravamen* and gist of the action is the tort stated and not the promise averred. *Pennoyer* v. *People,* 105 Ill. App. 481; *Barney* v. *Chapman,* 21 Fed. Rep. 903.

The discharge in bankruptcy is an absolute bar to this action under the contention of appellant that it is assumpsit upon the implied promise revived by the new express promise. Bankruptcy act, sec. 17.

An acknowledgment or new promise will not revive or keep alive a tort, even if the promise be made before the Statute of Limitations has run. *Goodwyn* v. *Goodwyn,* 16 Ga. 144; *Peterson* v. *Breitag,* 88 Iowa, 418; *Gallagher* v. *Hollingworth,* 3 H. & McH. 122; *Vickers* v. *Stoneman,* 73 Mich. 419; *Elliott* v. *Cronk's Admr.* 13 Wend. 35; *Otthout* v. *Thompson,* 20 Johns. 277; *Avant* v. *Swett,* 1 Brev. 228; *Ott* v. *Whitworth,* 8 Humph. 494; 2 Greenleaf on Evidence, 446; 13 Am. & Eng. Ency. of Law, 749; *Holtham* v. *Detroit,* 98 N. W. Rep. 754; *Renackowsky* v. *Water Comrs.* 81 id. 581.

Mr. JUSTICE FARMER delivered the opinion of the court:

The basis of the action was the tort committed by defendant in 1892. Clearly, the Statute of Limitations would be a good plea to a declaration in case filed in 1904 counting on a tort committed in 1892. Appellant's counsel say in their brief the only question involved is whether the promise set up in the replication to the plea of the Statute of Limitations restored the remedy, and contend that a recovery is authorized because, first, "appellant declares in assumpsit upon a liability *ex contractu* created and imposed by law, by reason of the fraud stated in the declaration; second, if the action be one in reality to recover for a tort and the law of torts governs, still the acknowledgment and new promise in writing waived the Statute of Limitations, removed the bar and restored the remedy for the tort committed."

The rule that a subsequent promise will remove the bar of the Statute of Limitations applies to actions on contracts but not to actions *ex delicto.* (19 Am. & Eng. Ency. of

Law,—2d ed.—289.) In *Oothout* v. *Thompson,* 20 Johns. 277, the action was for fraud in the sale of a slave. The Statute of Limitations was six years, and suit was brought after the expiration of that time. To the plea of the Statute of Limitations plaintiff replied a subsequent promise within six years next before the commencement of the suit. The court held the action could not be revived, and said: "A case of this kind does not stand upon the same principle as the acknowledgment of a' debt within six years. There, the acknowledgment is evidence of a new promise; here, it is not evidence of a new trespass, and therefore there is no analogy between the two cases."

In *Peterson* v. *Breitag,* 88 Iowa, 418, a suit was begun to foreclose a mortgage made to secure a note which was given in settlement of damages claimed by the payee and mortgagee to have been sustained by him as a result of a tort committed by the mortgagor. The tort was committed in 1877 and the note and mortgage were executed in 1889. By the Statute of Limitations of the State of Iowa an action in tort was barred in two years. The court held there was no consideration for the note and mortgage and that they could not be enforced because the liability resulted from a tort, which was barred by the Statute of Limitations before the note and mortgage were given, and the giving of them could not operate to revive the cause of action. On page 421 the court say: "But it must be conceded that it is always permissible for the defendant in such an action to show, by pleading and proof, what the consideration for the note and mortgage was. When this is done, the transaction is just the same as if the defendant had inserted in the note and mortgage an admission of guilt and that the note and mortgage were given to pay the damages occasioned thereby. Any other holding would sacrifice the substance of the transaction to the mere form. In whatever way the question is viewed, in connection with the pleadings and agreed statement of facts, there is no escape from the conclusion

that the rights of the parties' are the same as if the defendants had signed a writing acknowledging liability and promising to pay for the wrong."

In *Hollham* v. *City of Detroit,* 98 N. W. Rep. 754, it was said: "An action of tort once barred by the Statute of Limitations cannot, like an action arising out of contract, be revived by either an express or implied agreement."

We are of opinion that if, as contended by plaintiff, the fraudulent representations and concealments of defendant alleged in the declaration created a liability from which the law implied a promise to pay, so that *indebitatus assumpsit* would lie, still the liability results from a tort and not a contract. If the tort might be waived and an action of assumpsit maintained, still the very foundation of the action is the tort, and it is only by a fiction of law that a promise to pay is said to be implied. It is true, as contended by counsel for plaintiff, that in this State the authorities are to the effect that in actions *ex contractu,* where a subsequent promise is relied upon to take the case out of the bar of the statute, the original promise, and not the subsequent one, is the cause of action, and the subsequent promise only operates to restore or revive the remedy on the original cause of action. But as this rule does not apply to actions *ex delicto,* where the only cause of action is a tort, it would be illogical to say that an action in tort, when barred, cannot be revived by a subsequent promise, but as the law implied a promise to pay the alleged damages resulting from the commission of the tort, the action in form *ex contractu* may be revived by a subsequent promise. If the declaration, instead of setting out the tortious acts out of which the liability arose, had been in the ordinary form of *indebitatus assumpsit,* it could not be contended that the discharge in bankruptcy would not be a complete bar.

Each count of the declaration alleges that within five years before the declaration was filed defendant admitted his liability and promised to pay. If the suit be treated as

upon the original tort it was barred before the declaration was filed. If it be treated as upon a liability growing out of the subsequent promise to pay, then the plea of defendant's discharge in bankruptcy releases the bankrupt from all his provable debts except such as are "liabilities for obtaining property by false pretenses or false representations, or for willful or malicious injuries to the person or property of another."

We are of opinion the judgment of the Appellate Court was correct, and it is accordingly affirmed.

*Judgment affirmed.*