In the Matter of the Judicial Settlement of the Account of Proceedings of VIRGINIA M. SCOTT, as Administratrix, etc., of ANDREW F. MURRAY, Deceased.*

BLANCHE G. ERDMAN and Others, as Executors, etc., of PAUL GUMBINNER, Deceased, Judgment Creditors, Appellants; CENTRAL HANOVER BANK AND TRUST COMPANY, Judgment Creditor, Respondent.

First Department, May 29, 1936.

* Modfg. and affg. 157 Misc. 549.

*Albert Erdman*, for the appellants.

*Andrew F. Van Thun, Jr.*, of counsel [*Ernest M. Morrison* with him on the brief; *Ernest M. Morrison*, attorney], for the respondent.

McAvoy, J.   On August 7, 1914, the Central Trust Company (predecessor of Central Hanover Bank and Trust Company) recovered a money judgment against Andrew F. Murray in the amount of $51,674.44, which was docketed in the New York county clerk's office on that day.   The judgment was for a deficiency adjudged to be due in an action to foreclose a mortgage on real property.   A receiver of rents of the mortgaged premises had been appointed in the foreclosure action, and $435.08 was paid by him to the plaintiff, thus reducing the amount of the deficiency judgment by that amount.   On June 18, 1918, the Central Trust Company was merged with the Union Trust Company, and later (May 15, 1929) with the Hanover Bank, under the name of Central Hanover Bank and Trust Company, and this latter company became the owner and holder of the judgment.

Andrew F. Murray died intestate on December 27, 1932, and letters of administration on his estate were issued to Virginia M. Scott by the surrogate of Bronx county on February 16, 1933.

Beside the Central Hanover Bank and Trust Company, John J. Tully Co. was a judgment creditor for $4,565.21, docketed November 24, 1914, and the executors of the Paul Gumbinner estate had a judgment for $5,934.83, docketed March 9, 1920. All the judgment creditors filed proof of claim with the administratrix, the Hanover Bank on May 9, 1933, the Tully Co. about the same time, and the Paul Gumbinner estate on November 14, 1935.

On June 21, 1934, the Central Hanover Bank and Trust Company brought suit on its judgment, by service of a summons upon the attorneys for the administratrix, who gave a notice of appearance. Nothing further was done in this suit until November 9, 1935. Then the Hanover Bank served its complaint, to which the administratrix answered. The Central Hanover Bank and Trust Company obtained the consent of the surrogate to the transfer of its suit, an *ex parte* order of the Supreme Court, transferring its suit to the Surrogate's Court and then an *ex parte* order consolidating the action and the accounting proceedings. Next it moved for judgment in the action. In effect the proceeding was analogous to proceedings under rule 113 of the Rules of Civil Practice, being based on an affidavit of plaintiff's attorney. In addition, the Central Hanover Bank and Trust Company presented testimony, showing its judgment had been recovered and remained unpaid. The court thereupon entered a decree in favor of the Central Hanover Bank and Trust Company and incidentally gave judgment on this claim for $51,239.36 against the administratrix.

Appellants contend that the Surrogate's Court obtained jurisdiction on October 25, 1935, and at that time the Central Hanover Bank and Trust Company judgment was outlawed, twenty years having elapsed since its docketing.

Appellants also contend that the surrogate erred in his decision of December 18, 1935, when he said the presumption (of payment) may be rebutted if within twenty years part payment had been made, or the debt acknowledged, or the judgment creditor commenced an action under section 484 of the Civil Practice Act.

Section 44 of the Civil Practice Act provides that after twenty years there is a presumption that a judgment has been satisfied, unless there is an acknowledgment of the debt, or a payment on account. These are the sole and only exceptions to the general rule. There is no tolling of the statute by commencement of suit.

In the present case there is no claim of acknowledgment or payment. The law gives exceptions based only on an affirmative act of the debtor. There is no exception based on a claim or

statement or assertion of the creditor, such as a verified complaint. Under section 59 of the Civil Practice Act an acknowledgment or new promise in writing is the only allowable evidence to take a case out of the statute.

Section 484 of the Civil Practice Act provides that an action on a judgment between the original parties cannot be brought unless ten years have elapsed since docketing the judgment, or the court has granted leave to bring the action.

It is urged that, because the Central Hanover Bank and Trust Company claim was filed before the expiration of twenty years and never rejected, the twenty-year Statute of Limitations does not apply. This contention is not tenable, because the twenty-year period cannot be extended in any manner except as provided by statute.

Under the statutes, the Central Hanover Bank and Trust Company had but one remedy: to bring an action, either after ten or within twenty years and obtain a new judgment effective from date of entry. (*Matter of Hoes*, 183 App. Div. 38.)

When the accounting came before the surrogate, the Central Hanover Bank and Trust Company had a claim evidenced by its action against the administratrix, but no living judgment. Therefore, it was not entitled to priority under section 212 of the Surrogate's Court Act.

The Central Hanover Bank and Trust Company claims that by serving a summons, without a verified complaint, it stopped the running of the statute, perhaps for twenty years, and that the lien of its judgment was continued, not alone until it secured another judgment, but indefinitely.

There is nothing in our statutes to sustain these claims. Service of a summons does not stop the running of the statute. It does not extend the lien. The statute permits plaintiff to bring an action, and recover a new judgment. If it does not bring the action, it cannot recover at all. If successful, the judgment becomes a lien once more, presumably for another twenty years from date of entry.

The Central Hanover Bank and Trust Company sought to avoid a judgment on its claim. It wanted only the lien of its old judgment extended. The surrogate, however, rendered a money judgment. " Judgment is the determination of the rights of the parties in an action." (Civ. Prac. Act, § 472.) " The determination of the rights of the parties to a special proceeding in a Surrogate's Court is a decree " (Surr. Ct. Act, § 78), and its decree may be enforced by execution (Surr. Ct. Act, § 83), and docketing a decree has the effect of a judgment.

The suit of Central Hanover Bank and Trust Company against Scott was transferred to the Surrogate's Court, Bronx county, and consolidated with the accounting proceedings. The executors of the Paul Gumbinner estate were not parties to this suit. Section 190-a of the Civil Practice Act and section 40 of the Surrogate's Court Act provide for such transfer, but the consolidation of the action and accounting proceeding is entirely irregular and not provided for by statute. An action and a special proceeding involving entirely different issues and between different parties cannot be consolidated.

We think the decree allowing preference to the Central Hanover Bank and Trust Company judgment was erroneous and that the judgment in favor of the executors of the estate of Paul Gumbinner, deceased, should be awarded priority in payment.

The decree should be modified to the extent indicated, and as so modified affirmed, with costs to the appellants; the order of consolidation reversed and the motion denied, and the matter remitted to the Surrogate's Court for further proceedings in accordance with this opinion.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Decree unanimously modified to the extent indicated in opinion, and as so modified affirmed, with costs to the appellants; the order of consolidation reversed and the motion denied, and the matter remitted to the Surrogate's Court for further action in accordance with opinion. Settle order on notice.