MARYLAND CASUALTY COMPANY, Plaintiff, *v.* EDWARD S. BYRNE, Defendant.

City Court of New York, Trial Term, New York County, September 29, 1939.

*William Richards*, for the plaintiff.

*Maxwell J. Eile*, for the defendant.

RYAN, J. This action, tried by the court without a jury, was brought to recover the sum of $1,034.34 on the following facts: The plaintiff had issued its bond to the receiver of the Oliver Cromwell Hotel, in the sum of $12,000, covering any fraud, dishonesty, embezzlement, wrongful abstraction or willful misapplication committed by any employee while performing the duties of his position.

During the year 1931, while the bond was in full force and effect, the defendant was an employee of the receiver in the operation of the hotel.

The complaint alleges that between February 25 and September 30, 1931, the defendant, while such employee, committed acts of dishonesty, wrongful abstraction or willful misapplication and converted to his own use from the funds of the receiver the sum of $1,078.74.

On November 18, 1931, the receiver filed proof of loss with the plaintiff, charging the defendant with the misappropriation of moneys aggregating the amount above mentioned. The defendant was discharged from his employment on or about September 30, 1931.

On January 16, 1932, plaintiff paid to the receiver the sum of $1,034.34, the amount of the alleged loss.

The summons and complaint in this action were served on the defendant on January 26, 1938.

The defendant in his answer pleads the six-year Statute of Limitations and the question presents itself whether such a defense is valid to bar the plaintiff's action as subrogee of the receiver.

The plaintiff in answer to the bar of the statute sets up in its bill of particulars: (1) Oral admissions made by the defendant that he took the moneys in question, and (2) six letters written by the defendant addressed to the plaintiff. The oral admissions are not admissible as evidence to toll the six-year Statute of Limitations. (Civ. Prac. Act, § 59; *Matter of Murray*, 248 App. Div. 167, 170, McAvoy, J.)

I have examined the six letters hereinabove referred to and they are to the effect that by reason of the attitude of the plaintiff the defendant has been unable to secure a position which would enable him to pay the amount of the claim made against him. In his letter of November 20, 1933, he wrote: " If you people will give me a chance to try and get something that will pay me a salary I will try and get out and look for a decent position, and then I could start to pay on what I owe. * * * I can't look for any position where you are bonded because you people will stop me and that is the reason I don't try for something else." Again in another letter (May 19, 1935) the defendant wrote: " But I can't do anything while I don't get any help from you people. You won't render me any assistance so I could pay this amount. With assistance from your company, I might have had a good part paid by now."

It is claimed by the plaintiff that the admissions contained in the letters (pertinent extracts from which are quoted above) toll the statute.

Without passing upon the admissions as being sufficient for that purpose we find an objection based upon the old rule that admissions to toll the statute are not available when the cause of action sounds in tort.

In New York the leading case seems to be that of *Oothout* v. *Thomson* (20 Johns. 277), where the action was based on deceit in tort and the Statute of Limitations pleaded as a defense. The plaintiff relied upon an acknowledgment within the statutory period of time. Chief Justice Spencer, writing for the Supreme Court of Errors, said: " Proving that he had acknowledged the fact within six years, is no proof that the act was done within six years; and it does not support the issue. A case of this kind does not stand upon

the same principle, as the acknowledgment of a debt within six years. There, the acknowledgment is evidence of a new promise; here, it is not evidence of a new trespass, and, therefore, there is no analogy between the two cases. This view of the case satisfies me, that, without inverting all the rules of logic (and special pleading has been aptly compared to logic,) it is impossible to say, that a confession of a *tort*, is a reperpetration of it; and unless it is, the fact asserted in the replication, that the tort was committed within six years, is not made out, by a confession that the tort was committed more than six years before."

The case just referred to was followed in *Fritts* v. *Slade* (9 Hun, 145, 146). In *Reilly* v. *Sabater* (43 N. Y. Supp. 383, BISCHOFF, J.) the cause of action was in fraud in that the defendant by alleged false statements that he was unmarried induced the plaintiff to enter into a contract to marry. At page 384 the court, following the *Oothout* case, dismissed the complaint on the defendant's plea that the Statute of Limitations was not tolled by the admissions. The Federal courts in this district have likewise followed the rule laid down in the *Oothout* case. (See *Birckhead* v. *De Forest*, 120 Fed. 645, 649; *Wood & Selick, Inc.*, v. *Compagnie Generale Transatlantique*, 43 F. [2d] 941, 943.)

In other jurisdictions the same rule has been followed by distinguished jurists, as the following citations indicate: *Hegedus* v. *Thomas Iron Co* (94 N. J. L. 292, 294; 110 A. 822, GUMMERE, Ch. J.); *Luther and Morgan* v. *Payne* (197 Ky. 359, 361; 247 S. W. 39, SAMPSON, Ch. J.); *Armstrong* v. *Levan* (109 Penn. St., 177, 179; 1 A. 204, PAXSON, J.); *Holtham* v. *Detroit* (136 Mich. 17, 21; 98 N. W. 754, CARPENTER, J.); *Nelson* v. *Petterson* (229 Ill. 240, 246; 82 N. E. 229, FARMER, J.).

Applying the rule laid down in the authorities cited to the facts proven on the trial of this case, I am of the opinion that judgment should be directed in favor of the defendant dismissing the complaint on the merits, on the ground that the cause of action set forth by the plaintiff sounds in tort and is barred by the six-year Statute of Limitations.

Exception to plaintiff. Ten days' stay.