Gustav Erbe, Jr., Individually and as Executor and Trustee under the Will of Gustav Erbe, Deceased, et al., Appellants, v. Lincoln Rochester Trust Company, Individually and as Executor and Trustee under the Will of Gustav Erbe, Deceased, Respondent, et al., Defendants.

Gustav Erbe, Jr., Individually and as Executor and Trustee under the Will of Gustav Erbe, Deceased, et al., Appellants, v. Lincoln Rochester Trust Co., Individually and as Executor and Trustee under the Will of Gustav Erbe, Deceased, Defendant; Arloa B. L. Baker et al., as Executors of Thomas R. Baker, Deceased, et al., Respondents.

Fourth Department, May 19, 1961.

*Harold G. Hutchens* (*Matthew J. Shevlin* of counsel), for appellants.

*Nixon, Hargrave, Devans & Dey* (*William H. Morris* and *Frederick W. McNabb, Jr.,* of counsel), for Lincoln Rochester Trust Company, respondent.

*Wallace J. Wolf, Jr.,* for Wallace J. Wolf and others, respondents.

Bastow, J. The supplemental complaint in this action has been dismissed upon the ground that it pleads a cause of action for breach of fiduciary duty that is barred by the Statute of Limitations (Civ. Prac. Act, § 53). The amended complaint has been heretofore passed upon (3 N Y 2d 321). Therein it was

held (p. 325) that "despite the allegations of fiduciary relationship and the breach thereof, there are other allegations which, expressly and by fair and reasonable intendment, are sufficient to make the action one to procure a judgment on the ground of fraud within the contemplation of subdivision 5 of section 48 of the Civil Practice Act". The court went on (p. 326) to quote with approval a statement from *Nasaba Corp.* v. *Harfred Realty Corp.* (287 N. Y. 290, 296) that where a complaint may be construed to state a cause of action not barred by the Statute of Limitations, "' speculation as to what other cause of action may be sufficiently alleged to warrant recovery thereunder which may be barred by some statute of limitations should not be indulged in the absence of facts appearing upon the trial after the defenses upon which defendants rely have been presented by proper pleading and proof [citing cases].'"

We construe this opinion of our highest court to hold that the amended complaint states a legally sufficient cause of action based upon fraud but that the court did not reach, pass upon or speculate as to whether the pleading was sufficient to allege any other legally sufficient cause, including one for breach of fiduciary relationship.

The plaintiffs after conducting lengthy examinations before trial have served the supplemental complaint which, as has been stated, has been dismissed by the Special Term upon the ground that the cause alleged therein being for breach of fiduciary duty is barred by the Statute of Limitations (Civ. Prac. Act, § 53). We agree with Special Term that the supplemental pleading alleges a cause of action for breach of fiduciary relationship but we disagree with the conclusion that as a matter of law it may be said there is no possibility of the plaintiffs succeeding on this case upon a trial because of the bar of the Statute of Limitations.

It is fundamental, of course, that the trustee's act of self-dealing in purchasing the stock of Yawman and Erbe owned by the estate was a violation of its duty to the beneficiaries. (2 Scott, Trusts [2d ed.], §§ 170, 170.10; 1 Restatement, Trusts 2d, § 170, subd. [1], Comment *b*, § 206, Comment *b*.) It might be found, as the respondents contend, that some of the beneficiaries had knowledge of such stock acquisition by the fiduciary. But accepting, as we must at this time, the allegations of the complaints, the true significance of any such knowledge may well have been obscured or hidden from the beneficiaries by certain false representations alleged in the pleadings to have been made at the time by the trustee. We recite three such allegations. It is claimed that the fiduciary falsely represented to the bene-

ficiaries (1) that the trustee had a legal right to purchase the stock; (2) that the Surrogate by a formal order had authorized the trustee to acquire the stock and (3) that the stock was held by the trustee as collateral pledged by the settlor in his lifetime.

The principle is recognized that " [w]here the beneficiaries are all sui juris and consent to the sale [of trust property to the trustee individually], it cannot be set aside if the trustee made a full disclosure, and did not induce the sale by taking advantage of his relation to the beneficiaries or by other improper conduct, and if the transaction was in all respects fair and reasonable " (2 Scott, Trusts [2d ed.], § 170.1, p. 1197). (See, also, 1 Restatement, Trusts 2d, § 216, subd. [2].)  But here it might be found upon the trial that the knowledge of such stock purchase by the trustee when received by one or more of the plaintiffs was so permeated with false representations the latter were led to believe that the act of self-dealing was proper, lawful and authorized and not one constituting a breach of the fiduciary relationship.

This presents the question as to whether the trustee at this stage of the action is entitled to a dismissal of the supplemental complaint solely upon the ground that it is barred by the Statute of Limitations.  The question must be answered in the negative.  In this action for breach of the fiduciary relationship it should not be held that a trustee can take advantage of the limitations statute when the beneficiaries of the trust may have been led to believe that there was no breach of the relationship by statements of false facts or concealment of true facts by the fiduciary.

The dissenting opinion stresses the fact that on prior appeals it was held that the plaintiffs had a cause of action for actual fraud.  Fraudulent representations may play a dual role.  They may be the basis for an independent action for fraud.  They may also, in equity, be a basis for an equitable estoppel barring the defendants from invoking the Statute of Limitations as against a cause of action for breach of fiduciary relations.  This aspect of the case has not heretofore been passed upon and we are here dealing with it for the first time.

It is a familiar principle that " when a defendant electing to set up the statute of limitations has previously, by deception or any violation of duty towards plaintiff, caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold." (53 C. J. S., Limitations of Actions, § 25, pp. 963–964.)  (See, also, Ann. 77 A. L. R. 1044; Ann. 130

A. L. R. 8; Ann. 15 A. L. R. 2d 500; Ann. 24 A. L. R. 2d 1413; Dawson, Estoppel and Statutes of Limitation, 34 Mich. L. Rev. 1; Dawson, Fraudulent Concealment and Statutes of Limitation, 31 Mich. L. Rev. 875; Dawson, Undiscovered Fraud and Statutes of Limitation, 31 Mich. L. Rev. 591; Developments in the Law — Statutes of Limitations, 63 Harv. L. Rev. 1177, 1222–1224.)

'' To decide the case we need look no further than the maxim that no man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations.'' (*Glus* v. *Brooklyn Eastern Term.*, 359 U. S. 231, 232–233.) The principle has been implemented in decisions in this State. (*Clarke* v. *Gilmore,* 149 App. Div. 445; *Dodds* v. *McColgan,* 229 App. Div. 273; *Speciale* v. *Sciascia,* 263 App. Div. 901; *Safrin* v. *Friedman,* 27 Misc 2d 687, affd. 277 App. Div. 1138, without passing on question of estoppel, *Gorowitz* v. *Blumenstein,* 184 Misc. 111, 117; see, also, *Lightfoot* v. *Davis,* 198 N. Y. 261; *Imperator Realty Co.* v. *Tull,* 228 N. Y. 447, 457.)

In *Dodds* v. *McColgan (supra)* a frequently cited case in this and other jurisdictions, it was said (p. 277): '' The denial to defendant of the benefit of the Statute of Limitations is within the power of a court of equity. As stated by this court in *Clarke* v. *Gilmore* (149 App. Div. 445, 450): ' Where one has obtained an advantage by fraud, equity will not permit him to hold it by resorting to the Statute of Limitations.' The conclusion there reached is in accordance with the judgment for plaintiff in *Lightfoot* v. *Davis* (198 N. Y. 261), where though an action of conversion was barred by the Statute of Limitations, the court allowed recovery in equity for bonds stolen many years before by defendant's testator, who had fraudulently concealed his possession of them, until the statute had run. Like relief has been granted in cases nearly parallel where equity has prevented the statute from becoming an instrument in aid of fraud. (*Clark* v. *Augustine,* 62 N. J. Eq. 689; *Howard* v. *West Jersey & S. S. R. Co.,* 141 Atl. 755; *Bailey* v. *Glover,* 88 U. S. 342.) ''

As the result of a study by the Law Revision Commission (N. Y. Legis. Doc., 1961, No. 65 [E]) chapter 925 of the Laws of 1961 added a new section 34 to the Personal Property Law to clarify the effect of a promise to waive, to extend or not to plead the Statute of Limitations. In its study the commission pointed out that a party may be estopped by his conduct to assert that the statutory time limitation has expired citing *Glus*

v. *Brooklyn Eastern Term.* (*supra*) and *Safrin* v. *Friedman* (*supra*). It is interesting to note that the new section 34 expressly states (subd. 4, par. [b]) that its provisions do " not affect the power of the court to find that by reason of conduct of the party to be charged it is inequitable to permit him to interpose the defense of the statute of limitation ".

We do not understand that respondents rely upon *Scheuer* v. *Scheuer* (308 N. Y. 447) to sustain any of their contentions but inasmuch as that decision is discussed in the dissenting opinion it will be briefly considered. As a matter of fact the court in the *Scheuer* case recognized that equitable estoppel may bar a litigant from asserting the Statute of Limitations (p. 450) but the court stated that the issue before it was "whether there is any basis in this record for spelling out an estoppel " and the court held there was not under the circumstances of that case. There was no showing of any false representation of fact. The plaintiff therein sought to toll the Statute of Limitations by reason of an oral promise in the face of a statute (Civ. Prac. Act, § 59) which requires a promise to be in writing to have that effect. This the court refused to permit. In passing we note that, as we read the sentence from the opinion in the *Scheuer* case on page 452 — quoted in the dissenting opinion herein — the court was not referring to the extension of the doctrine of equitable estoppel but to the extension of " the settled doctrine of equity that the statute of frauds may not be raised as a bar to the granting of relief, by way of constructive trust ". The court declined to extend that doctrine (not the doctrine of equitable estoppel) by " analogy " to the Statute of Limitations problem before the court in that case. This obviously has no relevancy in this case.

We conclude that the motions to dismiss the supplemental complaint should have been denied with leave to the defendants to interpose the Statute of Limitations as a defense. Thereafter plaintiffs, by reply or otherwise, should be permitted at the trial to litigate the issue of estoppel. The other issues raised by defendants' motions have been considered and found lacking in merit. In view of this disposition of the motions it is unnecessary to reach or pass upon the other contentions of the appellants.

The orders should be reversed and the motions denied.

GOLDMAN, J. (dissenting). Five and one-half years after commencement of their action and after service of an amended complaint plaintiffs served a supplemental complaint. Just prior to the service of this last complaint plaintiffs had filed

their note of issue and certificate of readiness. By the decision of the prevailing members of this court the Special Term order dismissing the supplemental complaint has been reversed. I dissent and vote for affirmance of the order and judgment granting that part of the motion of the defendants under subdivision 5 of rule 107 of the Rules of Civil Practice on the ground that the cause of action attempted to be set forth in the supplemental complaint is barred by the 10-year Statute of Limitations.

We are all in agreement that the only cause of action set forth in the supplemental complaint is for breach of the fiduciary relationship. Appellants stress that the resolutions of the defendant bank and the letters by its president to Mr. Thomas R. Baker and Mrs. Wallace J. Wolf agreeing to indemnify and save harmless the defendants Baker and Wolf by reason of the bank's purchase of the Yawman and Erbe stock constituted an admission of the wrongdoing of the parties involved and an acknowledgment of the breach of fiduciary obligation. They urge further that such breach is *ex contractu* and thereby within the provisions of section 59 of the Civil Practice Act dealing with an acknowledgment as evidence '' of a new or continuing contract ''.

The position thus taken fails to recognize the distinction between the acknowledgment of a debt or contractual obligation as distinguished from the acknowledgment of the breach of a fiduciary duty. In *Oothout* v. *Thompson* (20 Johns. 277) the rule is enunciated that an acknowledgment of a tort does not take the case out of the operation of the Statute of Limitations. (See, also, *Locke* v. *Pembroke,* 280 N. Y. 430, 434; *Maryland Cas. Co.* v. *Byrne,* 172 Misc. 152, 153–154; *Fritts* v. *Slade,* 9 Hun 145, 146; 1 Williston, Contracts [3d ed.], § 188.) '' A breach of trust is a wrong, and a constructive fraud upon the *cestui que trust.*'' (*Kerr* v. *Blodgett,* 16 Abb. Prac. 137, 145, affd. 48 N. Y. 62.) Cases cited by appellants in support of their contention that breach of trust is contractual and an acknowledgment will toll the Statute of Limitations are clearly not in point.

In any event the letters in question were written after the action was commenced and there is considerable doubt whether a new promise after an action is brought will toll the Statute of Limitations. (See 1 Williston, Contracts [3d ed.], § 197.) The letters involved were not written for the benefit of the plaintiffs. They may not avail themselves of those documents. (*Seaver* v. *Ransom,* 224 N. Y. 233, 237; 1 Williston, Contracts [3d ed.], § 189.) As pointed out in *Skinner Bros. Mfg. Co.* v.

*Shevlin Eng. Co.* (231 App. Div. 656, 658, affd. 257 N. Y. 562):
"it is a fundamental prerequisite that the alleged promisor should have made a promise for the benefit of the third party". (See, also, *Beveridge* v. *New York El. R. R. Co.*, 112 N. Y. 1, 26.) To the same effect see *Vrooman* v. *Turner* (69 N. Y. 280, 283); *McGrath* v. *American Sur. Co. of N. Y.* (307 N. Y. 552); *Daniel-Morris Co.* v. *Glens Falls Ind. Co.* (308 N. Y. 464); *Soble* v. *Herman* (175 Va. 489, 497–499).

I also pass the question whether plaintiffs are barred by laches, a principle long recognized in law that where unreasonable delay will result in prejudice to others the court will refuse to grant relief, inasmuch as I so firmly believe the 10-year Statute of Limitations bars the present cause of action (*Calhoun* v. *Millard*, 121 N. Y. 69; *Patterson* v. *Hewitt*, 195 U. S. 309, 319).

The breach of fiduciary relationship upon which the present cause of action is bottomed concerns a purchase by the bank at an open and public sale of Yawman and Erbe stock on July 17, 1943. The breach, if any, arose at the time of purchase and the 10-year Statute of Limitations accordingly expired July 17, 1953.

Our court originally, when the amended complaint was the subject of inquiry, viewed the allegations of fraud as surplusage and held that the gravamen of the cause of action being for a breach of fiduciary duty it was barred by the 10-year Statute of Limitations (*Erbe* v. *Lincoln Rochester Trust Co.*, 2 A D 2d 242). The dissenting Justices, however, viewed the amended complaint as setting forth a cause of action in actual fraud and was, therefore, controlled by subdivision 5 of section 48 of the Civil Practice Act rather than section 53. As the prevailing opinion and dissenting memorandum are examined it is crystal clear that absent the fraud allegations there was no difference of opinion as to the law involved. Upon appeal to the Court of Appeals the minority of our court prevailed (*Erbe* v. *Lincoln Rochester Trust Co.*, 3 N Y 2d 321). Again it is obvious that disposition by that court was predicated upon their determination that the amended complaint alleged a cause of action founded on actual fraud. At page 326 the court observed, "The complaint being susceptible of such construction it may not be dismissed on motion." Is not the logical converse of this statement that if the complaint was not susceptible of this construction [fraud] and was construed as one for breach of fiduciary duty it would be dismissed upon motion? Subsequently when plaintiffs again appealed to the Court of Appeals

involving a different problem (*Erbe* v. *Lincoln Rochester Trust Co.,* 5 N Y 2d 886, 888) that court had occasion to observe, '' As we previously held, the complaint states a cause of action in actual fraud.''

Indeed, even plaintiffs in their last appeal to the Court of Appeals recognized that a cause of action predicated upon breach of fiduciary obligation was barred by the 10-year Statute of Limitations. In their reply brief on that appeal they said at page 4, '' Should the plaintiffs seek to recover only on a cause of action for breach of a fiduciary obligation, which respondents pretend greatly to fear, they are already barred by the ten year statute, as has been pointed out by the respondents on innumerable occasions.'' The reason for this statement seems abundantly clear. It is supported by a uniform line of cases in the Court of Appeals so holding.

Contrary to the conclusion of the prevailing members of this court that in the prior appeal, the Court of Appeals did not reach, pass upon or speculate as to whether the pleading was sufficient to allege any other legally sufficient cause including one for breach of fiduciary relationship I am unable to perceive how the question could have been avoided and a determination made. The difference of opinion in our court when the question was first presented to it was whether actual fraud or breach of fiduciary obligation was pleaded. It was recognized by the dissenting members that proof of actual fraud was unnecessary to a recovery when relief is sought for breach of a fiduciary duty. It does not seem likely that the Court of Appeals would pass over silently the issue thus presented. Surely, if plaintiffs could sustain a cause of action predicated upon breach of fiduciary obligation neither the dissenting members of our court nor the Court of Appeals would have said that the only basis upon which the amended complaint could be sustained was by virtue of the allegations of actual fraud. There was no need for the Court of Appeals to so state in view of the long line of decisions of that court which have uniformly held that a cause of action for breach of fiduciary obligation is barred by the 10-year Statute of Limitations (*Hurley* v. *Hurley,* 306 N. Y. 647; *Sialkot Importing Corp.* v. *Berlin,* 295 N. Y. 482, 486–487; *McLear* v. *McLear,* 291 N. Y. 809; *Goldstein* v. *Tri-Continental Corp.,* 282 N. Y. 21; *Buttles* v. *Smith,* 281 N. Y. 226, 236, 237; and, see, *Pitcher* v. *Sutton,* 238 App. Div. 291, 293).

Examination of the amended complaint and the supplemental complaint discloses great similarity and plaintiffs will not be enabled to prove anything under the supplemental complaint that could not be proved under the amended complaint. The

only difference is that under the supplemental complaint no longer will they be obliged to prove actual fraud in order to succeed but, instead, after having supported the amended complaint by their contentions of actual fraud so as to avoid the bar of the 10-year Statute of Limitations they will now be permitted to prove breach of fiduciary obligation without restraint or restriction.

The basis for this unusual result is the view held by the prevailing members of this court that the doctrine of estoppel to plead the Statute of Limitations is available to these plaintiffs in the State of New York. I cannot agree with this conclusion.

In my opinion cases such as *Lightfoot* v. *Davis* (198 N. Y. 261) involving the question of title acquired by a thief, and authorities considering out-of-State cases are not applicable. Whatever may be the law outside the State of New York at least as early as 1870 the Court of Appeals has adopted a contrary doctrine as enunciated in *Shapley* v. *Abbott* (42 N. Y. 443, 451, 455–456). Thereafter in 1874 the Court of Appeals in *New York & Oswego Midland R. R. Co.* v. *Van Horn* (57 N. Y. 473, 476) following the *Shapley* case reiterated, "A statute cannot be evaded by estoppel." Omitting subsequent Court of Appeals cases again in 1943 that court in *Boyd H. Wood Co.* v. *Horgan* (291 N. Y. 422, 426) cited with approval the *Shapley* case.

Finally, in *Scheuer* v. *Scheuer* (308 N. Y. 447) the Court of Appeals squarely held that the doctrine of estoppel may not be invoked to give effect to parol representations or promises in the face of the statute requiring a writing to establish "a new or continuing contract" (Civ. Prac. Act, § 59). Viewing the evidence most favorable to the plaintiff wife the court refused to impress a constructive trust upon a house purchased with joint funds and taken by the defendant husband in his own name in direct breach of his original and subsequent promises to have the conveyance made to both of them. Notwithstanding this flagrant abuse of the confidential relationship of the parties the court unanimously held that the 10-year statute was an absolute bar. Judge FULD wrote at page 452, "However, the suggested extension of that doctrine [equitable estoppel] to a case involving the statute of limitations is without support, either in authority, in logic or in policy."

In the cause of action presently before this court the pleadings clearly allege that the bank committed an act of self-dealing. When that act was committed the cause of action accrued. The act in question, the purchase of the stock, was done openly and was in no manner concealed from any of the plaintiffs and for that matter was known by all of them. In these circum-

stances I am convinced that cause of action is barred by the 10-year Statute of Limitations.

All concur, except GOLDMAN, J., who dissents and votes to affirm, in a separate opinion.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and McCLUSKY, JJ.

Judgments and orders reversed on the law and facts, with costs, and motions denied, with $10 costs.