GRIMES, Judge.
Appellee made claims against her father-in-law’s estate totaling $60,528.53 and also sought the return of certain personal property. Apparently, the court sustained all of the claims with the exception of one seeking $21,600 reimbursement for room and board, because the $38,928.53 judgment in her favor was exactly $21,600 short of the total claim.
There was competent substantial evidence to support each of the successful claims. The main issue on appeal is whether the claims were barred by the statute of limitations. The burden to prove this affirmative defense rested upon the appellant. After reviewing the record, we cannot say the court erred in concluding that the cause of action for each monetary claim had accrued on a date from which the applicable limitations period had not yet run when suit was filed. We do find, however, that the claim for return of personal property was time-barred by section 95.-ll(3)(h), Florida Statutes (1979).
*537 Appellee testified that the decedent took personal property items with him when he left her Georgia home in May of 1976 to move to Florida. She did not file suit to recover the property until July 16, 1980, which was more than four years from the taking. His interim oral promise to return the property did not suffice to extend the statute because, unlike claims in contract, a new promise does not extend the statute of limitations for actions grounded in tort. Mutual Trust & Deposit Co. v. Boone, 267 S.W.2d 751 (Ky.1954); Hughes v. City of Detroit, 336 Mich. 457, 58 N.W.2d 144 (1953); Nelson v. Peterson, 229 Ill. 240, 82 N.E. 229 (1907); 51 Am. Jur.2d Limitation of Actions § 324 (1970).
We reverse that portion of the judgment which directs the return of personal property to the appellee. We affirm the monetary judgment of $38,928.53 in all respects.
BOARDMAN, A.C.J., and DANAHY, J., concur.