*246 OPINION OF THE COURT
Thomas W. Keegan, J.
Defendants move pursuant to CPLR 3211(a) for partial dismissal of plaintiffs claims. Defendants contend that: (1) the portion of plaintiffs claims based upon defendants’ actions prior to October 7, 1999 are barred by the applicable statute of limitations; (2) that the plaintiff fails to state a cause of action against defendant Mark Gelvan; and (3) that this court lacks personal jurisdiction over Mark Gelvan due to a purported failure to properly serve him.
Plaintiff commenced this action on October 7, 2002 seeking to recover charitable contributions in excess of $5 million allegedly fraudulently solicited by defendants All-Pro Telemarketing Associates Corp. (All-Pro), and its president, director, and sole shareholder, Mark Gelvan. All-Pro is a professional fundraiser that has solicited funds from New York residents on behalf.of the Fraternal Order of New York State Troopers, Inc. since September 1994. Based on public complaints the Attorney General conducted an investigation of All-Pro and determined that All-Pro has repeatedly misrepresented who they were soliciting funds for, and the purpose for which solicited funds would be used. As a result of the investigation, All-Pro entered into an assurance of discontinuance, a statutory settlement agreement, with the Attorney General on October 9, 1996, whereby All-Pro agreed not to solicit funds other than through the use of an approved script, and to provide a list of its donors upon demand. The Attorney General alleges that All-Pro violated the 1996 assurance by soliciting funds outside the use of an approved script, and refusing to provide a list of donors upon demand.
Defendants contend that the three-year limitation of CPLR 214 applies to bar several of the Attorney General’s causes of actions to the extent they seek restitution or an award of damages for defendants’ actions prior to October 7, 1999.
First, even if CPLR 214 (2) was applicable to all 12 causes of action, which it clearly is not, “[t]he denial to defendant [s] of the benefit of the Statute of Limitations is within the power of a court of equity.” (Erbe v Lincoln Rochester Trust Co., 13 AD2d 211, 214 [1961], appeal dismissed 11 NY2d 754 [1962].) The Legislature itself has recognized that courts have the power to “find that by reason of conduct of the party to be charged it is inequitable to permit him to interpose the defense of the statute of limitation.” (General Obligations Law § 17-103 [4] [b].) *247 Here, the Attorney General relied upon promises made by All-Pro in the 1996 assurance agreement and did not commence suit against the defendant for its 1994-1996 actions, when no statute of limitations could have been asserted. As a result, it is this court’s view that neither All-Pro nor Gelvan should be allowed to benefit from their alleged breach of the 1996 settlement agreement. Thus, defendants are estopped from interposing the defense of the statute of limitations.
With respect to defendant Gelvan’s motion to dismiss the causes , of action against him for his personal participation in the allegedly fraudulent and unlawful solicitations, Gelvan contends that plaintiffs complaint fails to state a cause of action against him. As plaintiff argues, individuals may be sued in their individual capacities for their own bad acts, even when those acts are committed in their capacity as a corporate officer or director. (Polonetsky v Better Homes Depot, 97 NY2d 46, 55 [2001].) Because this court must accept all of the plaintiffs allegations as true and all inferences resolved in plaintiffs favor (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998]), defendants’ motion to dismiss for failure to state a cause of action against defendant Gelvan is denied.
Finally, in turning to defendants’ contention that this court lacks personal jurisdiction over defendant Gelvan because plaintiff allegedly did not serve defendant personally or otherwise, the court notes defendants’ failure to fully cite Executive Law § 173-c (1). This statute expressly permits service upon the “principal, officer, or director” of a nonresident professional fund-raiser through service upon the Secretary of State. Not only was the Secretary of State served in this action on behalf of defendant Gelvan on October 7, 2002, Gelvan was personally served on December 9, 2002.
Accordingly, defendants’ motion to dismiss and the relief requested therein is in all respects denied.