## ROBERT P. WILSON ET AL.

### V.

## ROBERT E. WILLIAMS ET AL.

*Agency—Loan on Real Estate—Forgery—Written Contract—Limitations.*

In an action brought to recover from loan agents a sum loaned, upon the discovery that the note and mortgages given therefor were forgeries, this court holds, in view of the evidence, that there was no contract in writing, and that the statute of limitations of five years may be interposed; that

assuming persons named were the agents of said loan agents, the latter are not precluded from this defense by the fraudulent concealment of the cause of action by the former, but that they can not, in fact, be looked upon as agents of said loan agents, and declines to interfere with the judgment for the defendants.

[Opinion filed December 3, 1891.]

IN ERROR to the Circuit Court of McLean County; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for plaintiffs in error.

Messrs. JOHN M. SCOTT, CHARLES L. CAPEN, JAMES S. EWING and JOHN T. LILLARD, for defendants in error.

WALL, P. J.    This case in many respects is like that of Wood v. Williams, 40 Ill. App. 115, and so far as the legal questions arising are identical, the views announced in that case will be adhered to in this.

Therefore we hold, for the reasons there stated, that there was no contract in writing, and that the statute of limitations of five years may be interposed, and that, assuming Woodrow & Fursman were the agents of Williams & Burr, the latter are not precluded from this defense by the fraudulent concealment of the cause of action by Woodrow & Fursman or either of them.

It is, however, insisted by defendants in error, that Woodrow & Fursman were not their agents, though by the demurrer to the declaration it was admitted they were in the Wood case.  In the present case the alleged agency was denied, and this denial raised one of the issues of fact, or more strictly perhaps, of law and fact, arising on the trial.

We are disposed to agree with the defendants in error upon this question, and of course if such is the correct view, it greatly simplifies the case. .

On the other hand, plaintiffs in error argue that regardless of this question of agency the statute of limitations of either

five or ten years can not apply because the money was intrusted to defendants in error to be paid over to the supposed borrowers; that it was not so paid over; therefore it is still in the hands of the defendants in error as trustees for the plaintiffs in error and would so remain until a demand was made for its restoration.

The demand according to this theory was necessary to perfect a cause of action and start the running of the statute.

Assuming the money is, in the eye of the law, still in the hands of the defendants in error would not, we think, justify the position of the plaintiffs in error. The breach of duty arose when the money was paid to one not entitled to receive it, and then, if ever, the plaintiffs in error had a cause of action. Otherwise it would follow that defendants in error would not be chargeable with interest for the use of the money until demand was made therefor.

It would be a very strange thing if the defendants in error might thus misapply the funds without being responsible for the use of the money. The accidental circumstance that plaintiffs in error did receive the interest, or a sum equal thereto, would not change the principle involved, for if it had been paid, the liability of the defendants in error would not have been increased according to the logic of this position.

We regard it unnecessary to consider the question whether the defendants in error were negligent to such an extent as to render them liable, in placing the money in the hands of Woodrow & Fursman (though this would seem a question of fact too much within the domain of the trial court to be raised here), upon the evidence disclosed by the record, nor need we discuss in detail other points made on either side as they all seem to be involved in those above stated. The judgment will be affirmed.

*Judgment affirmed.*