**In re Estate of Albert G. Frick, Deceased.**
**Claim of Charles C. Kratzer, Appellant, v. Estate of Albert G. Frick, Appellee.**

**Gen. No. 10,051.**

Opinion filed March 8, 1946. Released for publication April 1, 1946.

HAROLD R. NETTLES, of Freeport, for appellant.

LOUIS F. REINHOLD, of Freeport, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On November 6, 1922, Albert G. Frick (now deceased), for the consideration of $1,500 assigned a note secured by a mortgage on certain land in the State of Colorado, to Charles C. Kratzer. It is claimed that Frick represented to the claimant that the note secured by the mortgage, was a first mortgage lien on said premises; but actually the mortgage was a second mortgage lien and therefore, the claimant lost his $1,500. It is also claimed that at the time of the assignment of the note and mortgage, Frick knew that the mortgage was not a first lien on the premises.

For about 11 years after the assignment of the note and mortgage, interest payments were made to Kratzer by the said Frick, and not the actual mortgagor. On September 26, 1934, Kratzer found out that said mortgage was not a first lien, as represented, but a second lien on the premises, and that the first lien had been foreclosed, and he had lost his $1,500. Shortly thereafter, Kratzer had a conversation with Frick regarding this matter, and Frick promised to pay the amount of money that Kratzer had paid to him for the note and mortgage, and on several occasions thereafter, and up to within a year of the time of the death of Frick, he reiterated his promise to pay to Kratzer the sum of $1,500.

Frick died on July 11, 1943, and administration was duly had upon his estate. Kratzer filed a claim against Frick's estate in the county court of Stephenson county, setting out the facts, as above stated. To this claim Frick's administrator filed a motion to dismiss. The court sustained this motion, and dismissed the

claim. From this order, an appeal was taken to the circuit court. The circuit court likewise sustained the administrator's motion to dismiss, and it is from this order that an appeal was taken to this court.

A copy of the note and mortgage in question, were attached to the claim. The note on its face states: "This note and interest notes annexed are secured by a first mortgage deed duly recorded in Las Animas County, State of Colorado." The note was made payable to Albert G. Frick and signed by one, R. A. Lee. The indorsement on the back of the note shows that Frick indorsed the same without recourse, so in the absence of fraud, or a new promise to pay Kratzer the money he had lost, the action cannot be maintained. If the appellant had sued in an action of tort, no doubt the Statute of Limitations would begin to run from the date of the transaction, and a new promise to pay would not take the case out of the Statute of Limitations, (*Nelson v. Petterson,* 229 Ill. 240).

It is contended by the appellant that he can waive the tort and sue in contract and that the deceased, Frick, in his lifetime, repeatedly promised him that he would repay him the $1,500. To sustain his contention, the appellant relies upon the two Appellate Court cases, *Wilson v. Williams,* 42 Ill. App. 612, and *Wood v. Williams,* 40 Ill. App. 115. An examination of these cases lend little support to his case. Both the appellant and appellee cite the case of *Skrodski v. Sherman State Bank,* 348 Ill. 403, as lending support to their various contentions, but this case sheds little light, or benefit to either of them.

In the case of *Nelson v. Petterson, supra,* we find this language: "In *Holtham v. City of Detroit,* 98 N. W. Rep. 754, it was said: 'An action of tort once barred by the Statute of Limitations cannot, like an action arising out of contract, be revived by either an express or implied agreement.'

"We are of opinion that if, as contended by plaintiff, the fraudulent representations and concealments of

defendant alleged in the declaration created a liability from which the law implied a promise to pay, so that indebitatus assumpsit would lie, still the liability results from a tort and not a contract. If the tort might be waived and an action of assumpsit maintained, still the very foundation of the action is the tort, and it is only by a fiction of law that a promise to pay is said to be implied. It is true, as contended by counsel for plaintiff, that in this State the authorities are to the effect that in actions ex contractu, where a subsequent promise is relied upon to take the case out of the bar of the statute, the original promise, and not the subsequent one, is the cause of action, and the subsequent promise only operates to restore or revive the remedy on the original cause of action. But as this rule does not apply to actions ex delicto, where the only cause of action is a tort, it would be illogical to say that an action in tort, when barred, cannot be revived by a subsequent promise, but as the law implied a promise to pay the alleged damages resulting from the commission of the tort, the action in form ex contractu may be revived by a subsequent promise. If the declaration, instead of setting out the tortious acts out of which the liability arose, had been in the ordinary form of indebitatus assumpsit, it could not be contended that the discharge in bankruptcy would not be a complete bar."

In the *Nelson* case, *supra,* our Supreme Court quotes from the case of *Peterson v. Breitag,* 88 Iowa 418: "A suit was begun to foreclose a mortgage made to secure a note which was given in settlement of damages claimed by the payee and mortgagee to have been sustained by him as a result of a tort committed by the mortgagor. The tort was committed in 1877 and the note and mortgage were executed in 1889. By the Statute of Limitations of the State of Iowa an action in tort was barred in two years. The court held there was no consideration for the note and mortgage and that they could not be enforced because the liability

resulted from a tort, which was barred by the Statute of Limitations before the note and mortgage were given, and the giving of them could not operate to revive the cause of action.''

It will be observed that the note in question was indorsed without recourse by Albert Frick at the time that Charles Kratzer purchased it. Under such circumstances, there was no contractual obligation on the part of Frick to reimburse in any way, the assignee of the note and mortgage. Any liability to pay, arose out of the promise to reimburse the appellant for the loss he had sustained.

It is our conclusion that this action is barred by the Statute of Limitations governing tort actions, and that the judgment of the circuit court should be affirmed.

*Judgment affirmed.*