### HUGHES v. WERNER'S ESTATE et al.
### Civil Action No. 897.

District Court, S. D. Illinois, S. D.
June 30, 1948.

764

Drach & Howarth and Pree & Pree, all of Springfield, Ill., for plaintiff.

Louis E. Zuckerman, of St. Louis, Mo., and I. J. Feuer, of Springfield, Ill., for defendants.

BRIGGLE, District Judge.

This case comes on upon defendants' (1) motion to dismiss, (2) motion for a more definite statement and (3) motion to strike.

Claimant's cause of action is set forth in his claim filed in the Probate Court of Sangamon County, which is accompanied by his affidavit supporting said claim and filed in that court. The claim is transferred to this court upon petition of the defendant estate and its administrators upon the ground that the claim is based upon the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.A. § 201 et seq., and exceeds the sum of $3000. Except as to the contentions of defendant hereinafter referred to, jurisdiction is not questioned.

The claim consists of three parts:

(1) A claim for $2609 for minimum wages, including overtime, claimed to be due under the provisions of the said Fair Labor Standards Act of 1938, as amended, from the deceased employer, in addition to the regular wages paid by said employer. It appears from the affidavit that claimant was an employee of the deceased employer from June 25, 1938, to January 1, 1947, and that between November 1, 1938, and August 31, 1942, claimant performed the services upon which his claim is based. The claim is not apportioned by months or years. It appears that from November 1, 1938, to and including June 14, 1941, claimant worked for the deceased as a watchman under an oral contract which required claimant to work seven days a week from twelve to fifteen hours a day, commencing at six o'clock in the afternoon at $12 per week, and that after June 14, 1941 claimant performed these services on the average of fifty hours per week for which he was paid $14.40 per week.

(2) A claim for $2,609, being an amount equal to the first item, as liquidated damages, under Section 16 of the Fair Labor Standards Act of 1938.

(3) A claim for $1,305, being alleged attorney's fees of claimant, as provided by Section 16 of said Act.

The last two items of claim are based upon no contract or agreement of the employer to pay the amount claimed, but are founded solely upon Sec. 16 of the said Fair Labor Standards Act of 1938.

Item (1) is founded upon an employment or activity contracted for by the employer, but is for the amount claimed to be due, not under said contract, but by virtue of said statute. It has been held to be contractual in character.

Claim number (2) is not for an employment or activity of the claimant under an oral contract with his said employer, but is assessed under the act against the employer as a penalty for having failed to pay for the services performed at the statutory rate.

Item (3) is in addition to and outside of any contract for the services of the employee, and is payable, if allowed for services of claimant's attorney when performed and is founded solely upon the statute.

No moral or other consideration *outside the statute,* or voluntary act on the part

of the employer, is alleged which would toll the bar of the state limitations upon items (2) and (3) (assuming the bar could be thus removed).

Defendants' motion to dismiss is filed under Rule 12(b) (6) and Rule 12(h) (1) and (2) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, upon the theory that the claim itself, with its supporting affidavit, shows that this court lacks jurisdiction over the subject matter of the claim, and that there is not stated a claim upon which relief can be granted.

It is contended that the court lacks jurisdiction because of the limitations placed upon suits brought under the Fair Labor Standards Act, by Article IV, Section 6, of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 255. Said section of the Portal-to-Portal Act provides that if the cause of action accrued prior thereto it may be commenced within two years after the cause of action accrued or within the period prescribed by the applicable State Statute of Limitations, whichever period is shorter, and, except as provided in paragraph (b) that every such action *"shall be forever barred"* unless commenced within the shorter period. Section (c) is a saving clause which provides that a cause of action not yet barred by the applicable State Statute of Limitations at the time the Portal-to-Portal Act became effective "shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after the date of the Act."

The Portal-to-Portal Act became effective May 14, 1947. On this date no action had been commenced to enforce the alleged claim. The employment and activities of the claimant on which his claim is based had ended on August 31, 1942. On May 14, 1947 an action lay under the five-year state limitation (Sec. 15, Ill.St. of Limitations; Ill.Rev.Stat.1947, Ch. 83, Sec. 16) for any sum due claimant for services furnished the decedent employer from May 14, 1942, to August 31, 1942, and claims which accrued prior to May 14, 1942, were barred.

To avoid the State limitation and bar to the part of the claim which arose prior to May 14, 1942, it is alleged in claimant's affidavit that, under the provisions of the Fair Labor Standards Act of 1938, there was due claimant on August 31, 1942 the total sum of $2,609, and that after August 31, 1942, and from said date to January 1, 1947, the decedent employer "under various and divers occasions frequently represented to the affiant that said sums for minimum wages were due and payable to him and he promised this affiant to pay sums due to this affiant in installments." It is alleged that claimant's forbearance in bringing legal action to enforce his claim constituted a valuable and independent consideration to support such promise to pay. (Par. VII of affidavit.)

Upon the basis of said alleged promises, the last of which is alleged to have been made on January 1, 1947, it is contended the claim continued to be enforceable for the further statutory periods of five years from the day of each promise, not only as to the amount due for services, but also for the statutory penalty and attorney's fees, and that under the state limitation, action was maintainable on his entire claim at any time prior to January 2, 1952, and that, upon the enactment of Section 6(b) of the Portal-to-Portal Act, the entire claim was enforceable during the shorter two-year period ending January 2, 1949. The claim was in fact filed in the Probate Court on October 29, 1947, within the shorter period.

Claimant also contends that even though the cause of action might not be enforceable under the provisions of paragraph (b) of Sec. 6 of said Portal-to-Portal Act, that the claim was not barred by the state act on May 14, 1947 (upon the reasoning above), and was filed within the time contemplated by paragraph (c) of the section, although the 120-day period specified by section (c) commenced to run on May 14, 1947 and expired on September 11, 1947. Claimant's theory is that since the decedent employer died on August 14, 1947 and his will was not admitted to probate and administrators were not appointed until September 12, 1947, this period should not be counted in computing the 120 days specified by the act, and, therefore, the 120-day period had not elapsed on October 29, 1948, when claim was actually filed.

It is urged that by the death of the decedent the period provided by Congress was in fact reduced from 120 to 90 days and that 90 days would be an unreasonably short period of time to require the filing by claimant of his claim and that paragraph (c) as thus applied would deprive claimant of due process of law and would, as to him, be invalid. It is conceded that claimant could have forced administration as a creditor during the period of August 14 to September 11, 1947, although others had prior rights to actually administer.

*Motion to dismiss should be considered as motion for summary judgment.*

A motion to dismiss is addressed to the pleadings. In this case the only pleading on file other than the motion is the claim itself and an affidavit of the claimant that the claim is just and unpaid after allowing all just credits, deductions and setoffs as provided by Section 192 of the Illinois Probate Act, Ill.Rev.Stat.1947, c. 3, § 344. (Tr.P. 44.) The additional affidavit reciting the facts upon which both parties rely is not required by the act and it is not clear, whether the parties have elected to treat the same as a part of the pleading of the claim, or as an affidavit of fact to be considered by the court in ruling upon the motion.

The two do not in all things agree. The claim asserts the services upon which the claim is founded were rendered from June of 1938 to January of 1947, which is at variance with the facts set forth in the additional affidavit.

Claimant contends that said Section 6 is to be treated as an ordinary statute of limitations. So treated, one relying upon its provisions would be required to raise the question affirmatively and the question so raised would not involve the subject matter but the remedy.

 The question is not free from doubt, but the language of the act strongly support the construction urged by the defendants. However, the words "forever barred" in paragraph (b) are in pari materia with the word "barred" at the end of paragraph (c). That is to say, Congress was using the word "barred" in paragraph (b) in the sense that an action is barred by any applicable state statute of limitations, which are almost uniformly considered as relating to the remedy, not the right, and are statutes of repose and not jurisdiction.

The defendants' motion also asserts that the pleadings *generally fail to state a claim upon which relief can be granted,* and specifically fail to do so for the reason that the activities of claimant for the deceased employer are not alleged to be compensable under an express provision of a contract or by virtue of a custom or practice in effect covering the activities of the employee, as required by Part II, Sec. 2 of said Portal-to-Portal Act, 29 U.S.C.A. § 252.

The motion's general ground of failure to state a claim upon which relief can be granted rests both upon the limitations section (Part IV, Section 6, Par. (b) and (c) of the Portal-to-Portal Act) and upon the requirement of a specific contract or custom (Part II, Section 2 of said Act).

*Rule 12(b) of the Rules of Civil Procedure* provides that, if, on a motion asserting the defense of *failure to state a claim upon which relief can be granted,* "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

 Defendants' motion to dismiss has been presented on the facts stated in the supporting affidavit filed at the same time as the claim. Both parties have asserted these facts and have relied upon them in urging their contentions. I believe the facts are sufficiently presented to dispose of the contentions of the parties, treating said motion to dismiss as a motion for summary judgment based upon the proposition that relief cannot be granted upon the claim in question.

Should the motion be considered as a motion to dismiss upon the proposition that a jurisdictional question is presented by Section 6(b) and (c) of the Portal-to-Portal Act as addressed to the pleadings, or in the alternative, that the motion presents a failure to state a claim as addressed to these pleadings, the questions considered

would necessarily be the same and the affidavit supporting the claim would necessarily be considered a part of the claim, and a pleading to which the motion is addressed. *The effect of the promises alleged in paragraph VII of the supporting affidavit.*

Paragraph VII is as follows:

"That as a result of the foregoing there became due to this Affiant from the said Joseph Werner, deceased, as of August 31, 1942, under the provisions of said Fair Labor Standards Act of 1938, the total sum of $2,609.00; and that from said date to and including January 1, 1947, the deceased, Joseph Werner, under various and divers occasions frequently represented to the Affiant that said sums for minimum wages were due and payable to him, and he promised this Affiant to pay sums due to this Affiant in installments, in consideration of the Affiant forbearing to commence legal action; and this Affiant, in reliance upon said representations and promises, did forbear to commence any action; but no portion of said sums due to the Affiant for wages so earned have ever been paid to this Affiant."

■ The promises of the decedent employer are relied upon to toll the Illinois Statute of Limitations on the original claim. The effect of the promises, if made, was, therefore, to remove the bar of the state statute as to that part of the claim for minimum wages due and payable to claimant for services actually performed prior to August 31, 1942.

It should be noted, however, that promises of the employer made during the period ending on January 1, 1947, as alleged, would not toll a statute of limitations enacted after that date, but could only have the effect of lifting the bar of a statutory limitation in effect at the time the promise was made.

■ In other words, a promise of January 1, 1947, would not remove the bar of the statute of limitations of the Portal-to-Portal Act which became a law four and one-half months later on May 14, 1947. Assuming that Section 6 of the Portal-to-Portal Act is a statute of limitations, purely as contended by claimant and not a statute in bar, and that it would be subject to the conditions which the courts have attached to limitation acts, the promise relied upon to remove the bar of this act would necessarily ante-date the adoption of the act. The alleged promises do not, therefore, suffice, to remove the bar of Sec. 6 of said act.

■ The theory of lifting or removing a bar of the Statute of Limitations so that the original claim may be enforced is stated in 54 Corpus Juris Secundum, Limitations of Actions, § 302, page 368:

"Sec. 302. General Rules. The statute of limitations as to a debt or obligation is tolled or its bar removed by either an unconditional promise to pay the debt, an acknowledgment thereof, or a conditional promise to pay the debt where the condition has occurred.

"The general rule, frequently embodied in statute, is that the statute of limitations as to a debt or obligation may be tolled or its bar removed. Thus the statute of limitations as to a debt or obligation may be tolled or its bar removed by: (1) An unconditional promise to pay the debt, as discussed infra § 307. (2) An acknowledgment of the debt, as discussed infra §§ 308–314. (3) A conditional promise to pay the debt, where the condition on which the promise is made to depend has been performed, as discussed infra § 315. The doctrine that a new promise or an acknowledgment tolls or removes the bar of the statute of limitations does not depend on statute, and statutes so providing are generally regarded as restating the common-law rule."

The moral obligation to pay a valid debt is the consideration for the new promise to pay.

"The moral obligation to pay a valid debt is a sufficient legal consideration for a subsequent new promise to pay it, made either before or after the bar of the statute is complete—but not a barred bond debt—and the new promise, based upon such moral obligation, is binding upon the debtor and may be shown in avoidance of the bar of the statute of limitations." 37 Corpus Juris, Page 1099, Limitations of Actions, Par. 569. See, also, 54 C.J.S., Limitations of Actions, § 305.

*The running of the limitations provided by Section 6, paragraphs (b) and (c) of the Portal-to-Portal Act was not suspended by reason of the death of the employer.*

█ There is no provision in the Portal-to-Portal Act for the suspension of the limitations provided by Section 6 upon the death or other disability of the employer after the cause of action accrues. In the absence of such provision, it appears to be the uniform rule that a cause of action which accrues in the lifetime of the debtor is not suspended by his death, although a contrary rule applies if the cause accrues after the death of the debtor, in which latter case the statute begins running when the administration is commenced on the debtor's estate.

In the recent case of Glenn v. McDavid, 316 Ill.App. 130, 44 N.E.2d 84, an analogous situation was passed on by the court. There a claim was filed in the Probate Court for the unpaid balance and accrued interest on a promissory note. Both the maker and payee resided in Denver where the maker died intestate, leaving no estate in Colorado. Claim was filed on the note against assets of said decedent's estate which were subsequently administered upon in Illinois. The claim was allowed by judgment entered following a trial de novo in the Circuit Court for the full amount due on the note with interest. At the time claim was filed on the note against said estate, more than six years had elapsed since the note matured. The statute of limitations of the State of Colorado required that the action be brought within six years from the date the note matured. The law of Colorado contained no provision suspending the statute in case the debtor died after the cause of action had accrued. The claimant contended that Section 19 of the limitations act of the State of Illinois, Ill.Rev.Stat.1947, c. 83, § 20, permitted maintenance of the action after the appointment of an administrator in this state and within one year.

The Appellate Court said:

"On and subsequent to the date of the execution and delivery of the promissory note of Addie G. McGowan to claimant, the following provisions of the Colorado statute of limitations (§ 1, chap. 102, '35 C.S.A.) so far as applicable to this case were and still are in full force and effect: '§ 1 * * * The following actions shall be commenced within six years, next after the cause of action shall accrue, and not afterwards: First—All actions of debt founded upon any contract or liability in action. * * * Fourth—All actions of assumpsit, or on the case founded on any contract or liability, express or implied.' Chapter 83, par. 20, Ill.Rev.Stat.1941, Smith-Hurd Stats. c. 83, § 21, (Jones Ill. Stats.Ann. 107–280) provides that 'when a cause of action has arisen in a state or territory out of this state, or in a foreign country, and, by the laws thereof, an action thereon cannot be maintained by reason of the lapse of time, an action thereon shall not be maintained in this state.' The application of the above Statute of Limitations is succinctly expressed in Horner's Probate Practice and Estates, 4th Ed., 403 in the following language: 'If the claim be barred in the state where the deceased was domiciled at the date of his death, it should not be allowed in this state, though presented within the statutory period, the claimant also being a resident of the state of domicile.' With claimant's contention that the running of the Statute of Limitations in the State of Colorado was tolled by the death of the maker of said note on February 24, 1934, until the date of Ancillary administration thereon in the State of Illinois in June, 1939, we cannot agree. As is said in Bonney v. Stoughton, 122 Ill. 536, 542, 13 N.E. 833, 836, 'Where a statute begins to run, it is not arrested by subsequent disability unless expressly so provided in the statute. So the death of a party debtor will not stop the running of the statute of limitations.' The Statute of Limitations having begun to run in the State of Colorado upon the date when the note in question became due, namely: December 1, 1934, which was prior to the date of the maker's death, the fact of her subsequent death on February 24, 1934, did not stop the running of the six-year Statute of Limitations in force in that State." 316 Ill.App. at pages 133, 134, 44 N.E.2d at page 86.

■ Since the Portal-to-Portal Act unquestionably fixed the limitations applicable to all causes of action deriving from the Fair Labor Standards Act, and contains no provision for suspension of limitations of that act, the 120-day limitation provided by paragraph (c) of Section 6 was not suspended by the death of the deceased employer.

*The claim for minimum wages under the Fair Labor Standards Act was not saved by paragraph (c) after September 11, 1947.*

■ Defendants assert paragraphs (b) and (c) of Section 6 of the Portal-to Portal-to-Portal Act as a bar to the consideration by this court of the subject matter of the claim.

The language of paragraph (b) is that the cause of action "shall be forever barred unless commenced" within the shorter period of two years specified by that paragraph. The language of paragraph (c) is that a claim not barred by an applicable state statute of limitations shall not be barred by paragraph (b) if the action is commenced within 120 days after the "enactment of this act."

Since the claim was not filed within 120 days from the enactment of Section 6 of the Portal-to-Portal Act, defendants further contend the claim was not saved by paragraph (c) and is forever barred by paragraph (b).

Upon defendants' motion, treated as a motion for summary judgment, the bar of the statute applies as an affirmative defense of statute of limitations, and is to be considered upon the basis of the facts contained in the supporting affidavit of claimant.

Claimant sues on the claim which accrued at the time the services were performed. None of this claim had on May 14, 1947 accrued within the shorter period of the previous two years, as is required for the claim to be preserved by Sec. 6, paragraph (b) of the Portal-to-Portal Act. If the cause of action accrued, within the meaning of said Section 6 at the time of the employment and activity of claimant for the decedent, it was "forever barred" by paragraph (b) unless saved by paragraph (c), and only the portion thereof not barred by the state statute of limitations on May 14, 1947 was expressly saved by paragraph (c).

Relying upon the promises alleged to have been made by paragraph VII of the supporting affidavit, the claimant asserts that the applicable state limitation act had not barred the claim for minimum wages payable under the Fair Labor Standards Act and that, therefore, the entire claim was saved by paragraph (c), or at least, the portion of it confined to minimum wages was saved by paragraph (c).

It is my view, and I find:

(1) That the bar of the state statute of limitations was lifted by the promises of the decedent made continuously over the period of August 31, 1942, to January 1, 1947, *as to the claim for minimum wages payable for actual services performed prior to August 31, 1942* and that said claim accrued on the dates prior to August 31, 1942, that compensation actually became payable for such services and was enforceable on May 14, 1947 to the full extent thereof;

(2) That the bar of said state statute to a claim for an amount equal to the minimum amount of wages due, by way of penalty under Section 16 of the Fair Labor Standards Act, was not lifted by any such promise of the decedent to pay the affiant a sum owing him as unpaid minimum.wages;

(3) That the bar of the said state statute to the enforcement of a claim for attorney's fees payable under Section 16 of the Fair Labor Standards Act of 1938 was not lifted by reason of any such promise of the decedent;

(4) That the said claim for minimum wages was contractual in nature but arose and was payable under the Fair Labor Standards Act, and on May 14, 1947, when the Portal-to-Portal Act became effective, said claim not having been barred by the state statute of limitations because of the promises of the deceased employer, and having accrued more than two years prior to said date, *was saved only by paragraph (c) of Section 6 of the Portal-to-Portal Act;*

(5) That the said claim for minimum wages might have been enforced, therefore, by legal action taken by the claimant within 120 days after the Portal-to-Portal Act was enacted;

(6) That said 120-day period was not suspended, tolled or extended by reason of the death of the said employer on August 14, 1947, and expired on September 11, 1947 prior to the filing of the claim in the Probate Court of Sangamon County;

(7) That defendants are entitled to judgment on their said motion to dismiss, treated as a motion for summary judgment;

(8) It is not necessary for the court to pass upon defendants' motions for a more definite statement and to strike certain portions of the supporting affidavit to the claim as filed.

Neither is it necessary for the court to consider failure to allege that claim is based upon a specific contract or custom as required by Part II, Sec. 2 of the Portal-to-Portal Act.

Defendants' motion for summary judgment is allowed and judgment is rendered against claimant that he take nothing and pay costs of this suit.

 Since entry of the foregoing judgment on June 30, 1948, claimant has filed his motion to amend the same. Upon the hearing of such motion to amend, it has been earnestly contended by claimant that even though claimant's alleged cause of action under the Fair Labor Standards Act is barred for the reasons found by the Court, yet claimant has a so-called common law action founded upon the express agreement of defendant to pay as set forth in paragraph 7 of complainant's affidavit, and that this court should either require defendants to answer the same or remand that part of his claim to the Probate Court for hearing. (Obviously the Court having assumed jurisdiction for one purpose must dispose of all issues.) While the agreement thus relied upon may be held to be supported by a sufficient consideration, yet in the final analysis it is not a new cause of action but only the cause of action bottomed upon the Fair Labor Standards Act. "Where a subsequent promise is relied upon to take the case out of the bar of the statute, the original promise, and not the subsequent one, is the cause of action, and the subsequent promise only operates to restore or revive the remedy on the original cause of action." Nelson v. Petterson, 229 Ill. 240, at page 247, 82 N.E. 229, 231, 13 L.R.A.,N.S., 912, 11 Ann.Cas. 178; In re Estate of Frick, 328 Ill.App. 202, at page 205, 65 N.E.2d 576. The Court having held that in spite of the promises thus alleged in paragraph 7 of the affidavit that the original cause of action was barred by the Portal-to-Portal Act, it must be held that claimant is without any enforceable cause of action. The motion to amend the judgment is denied.