## CARROLL v. PITTSBURGH STEEL CO.
### Civ. A. 8343.

United States District Court
W. D. Pennsylvania.
Oct. 27, 1951.

---

750

Harry Alan Sherman, Pittsburgh, for the plaintiff.

John G. Wayman and Reed, Smith, Shaw & McClay, all of Pittsburgh, for the defendant.

STEWART, District Judge.

Plaintiff brought this action to recover unpaid overtime compensation and penalties under Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), based upon a period of employment from July 28, 1940 to September 30, 1945. Alleging that the plaintiff's claim is barred by the Statute of Limitations, the defendant filed a motion for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C. The main contention of the defendant in support of its motion for summary judgment is that the complaint on its face shows that the claim of the plaintiff is barred by Section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 255, which provides:

"Statute of limitations

"Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938,

as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

"(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to May 14, 1947—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to May 14, 1947, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after May 14, 1947 unless at the time commenced it is barred by an applicable State statute of limitations."

It is alleged by plaintiff that he withheld filing this action until the present time as a result of a promise to pay overtime compensation due in accordance with law made by an employee of the defendant on or about July 29, 1946. Attached to the defendant's motion is an affidavit by the same employee admitting an offer of settlement on August 10, 1946 which was rejected by the plaintiff during the week ending August 17, 1946. However, this action was not filed until November 29, 1949, and in the interim, on May 14, 1947, the Portal-to-Portal Act became effective.

Plaintiff contends that the defendant's motion is not proper at this stage of the proceedings since it was filed prior to the filing of an answer to the complaint. This contention is expressly refuted by Rule 56(b) which provides that "a party against whom a claim * * * is asserted * * * may, at any time, move * * for a summary judgment in his favor as to all or any part thereof." Gifford v. Travelers Protective Ass'n of America, 9 Cir., 1946, 153 F.2d 209. Further, as stated

in 3 Moore's Federal Practice § 56.02 (1938 ed.), a typical instance where a defendant may move for summary judgment prior to the filing of an answer is one where the defendant admits the facts in the complaint but asserts the statute of limitations as a defense. The decided cases make it clear that a motion for summary judgment may be granted where the record discloses that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016; United States v. Costa, D.C.W.D.Pa., 11 F.R.D. 492. A summary judgment may issue for laches or failure to bring suit within a prescribed period of limitation. Gifford v. Travelers Protective Ass'n of America, supra; Reynolds v. Needle, 1942, 77 U.S.App.D.C. 53, 132 F.2d 161.

Prior to the passage of the Portal-to-Portal Act, the applicable statute of limitations with respect to a claim accruing under the Fair Labor Standards Act was the statute of limitations of the particular state where the cause of action accrued. In an effort to create uniformity throughout the country, Section 6 of the Portal-to-Portal Act was passed and became effective on May 14, 1947. After a lapse of more than two years, on November 29, 1949, the complaint was filed in this case. Clearly, this was beyond the period prescribed in Section 6 of the Portal-to-Portal Act. Plaintiff contends, however, that the promise of the defendant of July 29, 1946, tolls this statute of limitations. Although it may be that the promise was such as to toll the applicable statute of limitations on the date of the promise, a question not before us, it could not toll a statute not yet enacted. Hughes v. Werner's Estate, D.C.S.D.Ill.1948, 78 F.Supp. 762. No new promise after the effective date of the Portal-to-Portal Act having been alleged, it follows that Section 6 of that Act bars this action. This conclusion was reached in Hughes v. Werner. Estate, supra, on similar facts.

Therefore, the defendant's motion for summary judgment will be granted.