## CARROLL v. PITTSBURGH STEEL CO.

### Civ. No. 8343.

United States District Court
W. D. Pennsylvania.
March 19, 1952.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiff.

John G. Wayman and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendant.

STEWART, District Judge.

Plaintiff brought this action to recover unpaid overtime compensation and penalties under Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b), based upon a period of employment from July 28, 1940 to September 30, 1945. On December 27, 1949 and prior to filing an answer to the complaint, the defendant filed a motion for summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C., alleging that the plaintiff's claim was barred by Section 6 of the Portal-to-Portal Act of 1947, 29 U.S.C. § 255. Subsequently, on June 11, 1951, a hearing was held on this motion; and, on September 27, 1951, an order was entered by this Court in conformance with an opinion filed at the same time granting the defendant's motion for summary judgment. D.C., 100 F.Supp. 749.

Thereafter, by a petition dated October 31, 1951, and filed November 14, 1951, plaintiff requested leave to file an amended complaint on the grounds that after reading the opinion of this Court on the motion for

summary judgment, counsel for the plaintiff "reviewed the said opinion with plaintiff and learned that additional ·promises had been made subsequent to the effective date of the Portal-to-Portal Act." This results from that portion of the prior opinion in this case which reads, 100 F.Supp. at page 751, as follows: "Plaintiff contends, however, that the promise of the defendant of July 29, 1946, tolls this statute of limitations. Although it may be that the promise was such as to toll the applicable statute of limitations on the date of the promise, a question not before us, it could not toll a statute not yet enacted. Hughes v. Werner's Estate, D.C.S.D.Ill., 1948, 78 F.Supp. 762. No new promise after the effective date of the Portal-to-Portal Act having been alleged, it follows that Section 6 of that Act bars this action. This conclusion was reached in Hughes v. Werner's Estate, supra, on similar facts."

 In a recent case, Hirshhorn v. Mine Safety Appliances Company, D.C.W.D.Pa. 1951, 101 F.Supp. 549, this Court reviewed several decisions under Rule 15 governing the granting of leave to file amendments. As stated therein, the primary question for the Court to consider in the exercise of the discretion vested in it is whether the allowance of the amendment will work injustice upon any of the parties. In resolving this question, timeliness of the motion is one of the elements which should be considered. Hirshhorn v. Mine Safety Appliances Company, supra. This is an important factor in the case before us now. Plaintiff's motion was served on the defendant approximately 34 days after judgment had been entered for the defendant, and was filed with this Court about two weeks later. However, the fact that the motion follows the entry of judgment is not decisive, although it is certainly important and material.

 Plaintiff argues that he need not anticipate the defense of the Statute of Limitations, and that, if it is raised, he should be given an opportunity to amend his complaint to show facts which would toll the statute. Granting the proposition as stated to be an accurate statement of the law, it is neither completely applicable nor decisive under the facts of this case. The defense of the bar of the Statute of Limitations is an affirmative one under Rule 8(c) and must be pleaded by the party asserting it. Van Sant v. American Express Co., 3 Cir., 1948, 169 F.2d 355. As stated by counsel, a plaintiff is not required to anticipate this defense. Alden-Rochelle, Inc. v. American Soc. of C. A. & Publishers, D.C. S.D.N.Y.1942, 3 F.R.D. 157. However, this does not mean that this defense may not be raised and considered on a motion for summary judgment filed prior to an answer. Rather, this defense may be so considered and such a procedure was followed by the United States District Court for the Eastern District of Pennsylvania in Hartmann v. Time, D.C.E.D.Pa.1946, 64 F.Supp. 671, reversed in part on other grounds, 3 Cir., 1948, 166 F.2d 127, 1 A.L.R.2d 370. See 3 Barron & Holtzoff Federal Practice and Procedure § 1245 (Rules Ed.) and 3 Moore's Federal Practice § 56.02 (1938 ed.). In any event, this matter was considered on the motion for summary judgment without objection on the part of the defendant and he did not appeal within the 30-day period after the entry of the order of this Court granting the motion. In spite of this, we would grant plaintiff's motion to amend if we felt that justice required it. We do not so conclude. On the contrary, it seems to us that injustice to the defendant would result were we to vacate the judgment and allow the amendment at this late date. The plaintiff has known since December 27, 1949 (on which date defendant filed its motion for summary judgment) that defendant relied on the defense of the Statute of Limitations and made no effort to amend his complaint or file counter-affidavits setting up promises other than the one alleged in paragraph VIII of the original complaint until October 31, 1951 when he served defendant with a copy of the petition now pending. No excuse for this delay is given by the plaintiff except that which may be inferred by the allegation that counsel for plaintiff was not informed of these additional promises until plaintiff read the opinion in this case granting the motion for summary judgment. As stated in Friedman v. Transamerica ·Corporation,

D.C.Del.1946, 5 F.R.D. 115, at page 116: "Opportunity should be given to a plaintiff to present his alleged grievance; yet equal attention should be given to the proposition that there must be an end finally to a particular litigation."

Failure on the part of the party seeking the amendment to show that his delay in tendering the amendment was due to excusable oversight will support a refusal to allow the amendment. Frank Adam Electric Co. v. Westinghouse Elec. Mfg. Co., 8 Cir., 1945, 146 F.2d 165.

Plaintiff had 18 months from the date of the filing of the motion for summary judgment until the date of the hearing on that motion to show the Court that there were material issues of fact involved, by amendment of his complaint or by filing of counter-affidavits setting forth additional facts. This was not done, although the facts now asserted must have been known to the plaintiff all that time. If a defendant moves for summary judgment asserting that the applicable period of limitations has elapsed, his motion should not be denied for the reason that there might possibly be facts which would toll the Statute of Limitations. Reynolds v. Needle, 1942, 77 U.S.App.D.C. 53, 132 F.2d 161.

Plaintiff argues further that the Court should apply Rule 60(b) of the Federal Rules of Civil Procedure in passing on the motion for leave to amend. If the Court were to grant the amendment, such action would· necessarily require this Court to vacate the judgment entered in this case and Rule 60(b) would furnish the authority to do so. The primary question is whether the amendment should be allowed, and as to this Rule 15 governs. We have already discussed the applicability of Rule 15 to this case.

Finally, it is urged by.plaintiff that Tozer v. Charles A. Krause Milling Co., 3 Cir., 1951, 189 F.2d 242, supports his position that the judgment should be set aside and the amendment allowed. In that case, a default judgment was taken against the defendant who had never actually been served with the complaint, and who had no notice of the action prior to the entry of default judgment. Alleging that it had notice of the filing of the complaint and subsequent entry of judgment about one month prior thereto, defendant filed a motion under Rule 60(b) to set aside the default judgment. The motion was denied by the lower court, assigning as reasons therefor the gross neglect of defendant and the lack of a meritorious defense. The Court of Appeals held that this was an abuse of discretion and reversed the order of the lower court, stating, 189 F.2d at page 246: "We do not think that defendant's omission constitutes gross neglect, for it could not reasonably have anticipated that it might be sued in Pennsylvania on a cause of action arising outside Pennsylvania."

It is apparent that these facts are entirely different from those in the case now before us. Plaintiff was in no way taken off guard by the defense of the Statute of Limitations. As already pointed out he knew the defense asserted by the defendant for 18 months before the argument and ·did nothing to meet it. He has given no valid reason for his neglect and delay.

Plaintiff's motion will be refused.